# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1219

_____

Tsegaye G. Gebremedhin,                  *
                                          *
                  Petitioner,             *
                                          *
                                          *   On Appeal from the Board
        v.                                *   of Immigration Appeals.
                                          *
John Ashcroft, Attorney General of the    *        [UNPUBLISHED]
United States of America,                 *
                                          *
                  Respondent.             *

_____

Submitted: June 10, 2004
    Filed: June 28, 2004

_____

Before WOLLMAN, LAY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Tsegaye Gebremedhin, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("BIA") that affirmed an Immigration Judge's ("IJ's") denial of his application for asylum and withholding of removal and denied his motion to remand for relief under the Convention Against Torture ("Convention"). After reviewing record, we deny the petition for the reasons that follow.

Gebremedhin argues that he should have been granted asylum based on his membership in a particular social group. This argument fails. The IJ denied

Gebremedhin's asylum application after finding that Gebremedhin was not credible based on his submission of fraudulent documentation in support of his claims for relief. Gebremedhin does not challenge the IJ's adverse credibility finding. Because the IJ provided specific, cogent reasons to support his adverse credibility finding, we defer to this finding. See Melecio-Saquil v. Ashcroft, 337 F.3d 983, 987 (8th Cir. 2003). Further, Gebremedhin has not pointed to any evidence in the record that compels reversal of the IJ's finding that Gebremedhin failed to establish past persecution or a well-founded fear of future persecution. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 918 (8th Cir. 2004) (standard of review). Because Gebremedhin failed to meet the lower burden of proof on his asylum claim, we find that he consequently has failed to meet the higher burden for withholding of removal. See Francois v. INS, 283 F.3d 926, 932-933 (8th Cir. 2002).

Gebremedhin also argues the BIA should have remanded his case for reconsideration under the Convention based on changed country conditions in Ethiopia relating to the mistreatment of persons of Eritrean origin. This argument also fails, as the BIA did not abuse its discretion in concluding Gebremedhin failed to make a prima facie showing that he was eligible for such relief. See Margalli-Olvera v. INS, 43 F.3d 345, 355 (8th Cir. 1994) (standard of review); 8 C.F.R. §§ 208.16(c)(2) and (3). Much of the evidence Gebremedhin submitted to the BIA in support of his motion to remand was available at the time of his hearing before the IJ, and other evidence was insufficient to establish a prima facie case of Gebremedhin's eligibility for relief under the Convention. Further, given Gebremedhin's previous submission of fraudulent documentation, the BIA did not abuse its discretion in declining to consider additional documents purporting to be Ethiopian government documents.

We thus deny Gebremedhin's petition for review.

_____